STATE OF NORTH CAROLINA v. ADLAI STEVENSON MOORE

No. 7315SC556

(Filed 10 October 1973)

Assault and Battery § 15— intentional pointing of weapon — sufficiency of instructions

In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, the trial court's instructions with respect to an intentional pointing of the gun by defendant were adequate.

APPEAL by defendent from Bailey, Judge, 2 April 1973 Session of Superior Court held in ALAMANCE County.

Defendant was indicted and placed on trial for assault with a deadly weapon with intent to kill, inflicting serious bodily injury.

Defendant and Donna Lynn Tickle, the victim of the alleged assault, were employed at Huey's Barbecue in Glen Raven, North Carolina. Tickle testified that while she was cleaning the dining room tables on the morning of 8 July 1972, she asked defendant if he was afraid to work at night. Defendant pulled a pistol out from under a counter and replied, "Not as long as I have this." Defendant then pointed the loaded pistol at Tickle's face and pulled the trigger. The pistol did not fire. Defendant again pulled the trigger and shot Tickle in the face and neck. She was taken to the hospital and has undergone surgery as a result of her wounds.

On cross-examination defendant stated:

"I intentionally picked up the pistol. No one forced me to. Lynn asked me to put the pistol up that it was loaded. I knew it was loaded. I didn't point the pistol at Lynn Tickle's head. I cocked the gun the first time. The first time I pointed the gun, I didn't point at any particular part of her body. I just pointed it at her. As to my intentionally pulling the trigger, I knew it wouldn't go off. I intentionally pulled the trigger. Nobody pushed me. She came and told me again to put the pistol up. I don't think I said anything to her. I didn't point the gun at her head again. She then turned facing me. The second time I didn't intentionally point the gun at her. I did it. I wasn't pointing at any part of her body. I was just pointing."

Both the State and the defense offered evidence tending to show that someone had told the owner of the restaurant defendant had been kissing another employee and that defendant at one point believed that Tickle had "told on" him.

When the State rested, defendant moved for a nonsuit. The court granted the motion with respect to the charge of assault with a deadly weapon with intent to kill inflicting serious bodily injuries. The jury was instructed that it might return a verdict of either guilty of assault with a deadly weapon inflicting serious injury or guilty of assault with a deadly weapon or not guilty. The jury found defendant guilty of assault with a deadly weapon inflicting serious bodily injury. From

a judgment imposing an active prison sentence of five years, defendant appealed.

*Attorney General Robert Morgan by Edwin M. Speas, Jr., Associate Attorney, for the State.*

*Latham, Pickard, Cooper & Ennis by M. Glenn Pickard for defendant appellant.*

VAUGHN, Judge.

Defendant's only contention is that the trial court erroneously assumed "that it had been established beyond power of the jury to find to the contrary that the defendant intentionally pointed the weapon at the prosecuting witness on the second occasion?" The trial court's instructions contained the following admonitions:

"Thus, I charge you that if you find from the evidence and beyond a reasonable doubt that on or about the 8th day of July, 1972, Adlai Stevenson Moore assaulted Glenn (sic) Tickle by *intentionally pointing* a thirty-eight caliber pistol at her, and thereby inflicted serious bodily injury upon the said Glenn (sic) Tickle . . . it would be your duty to return a verdict of an assault with a deadly weapon inflicting serious bodily injuries. . . .

In the case of an assault with a deadly weapon, it would be necessary to find that the defendant acted *intentionally in pointing* the pistol; . . ." (Emphasis added.)

In an earlier portion of the instructions, the court stated that a verdict of guilty would necessitate a finding that "the defendant *assaulted* Glenn (sic) Tickle *intentionally.*" (Emphasis added.)

We hold that the court's instructions were adequate and that defendant's trial was free from prejudicial error.

No error.

Judges CAMPBELL and PARKER concur.